**BURLINGTON NORTHERN INC., Petitioner,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Respondents,**

**Quincy Soybean Company, Intervenor-Respondent.**

**No. 76–2035.**

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1977.

Decided Sept. 7, 1977.

---

**168**

William R. Power, Burlington Northern Inc., St. Paul, Minn., for petitioner.

R. Craig Lawrence, I. C. C., Washington, D. C., for respondent, Interstate Commerce Commission, Donald I. Baker, Asst. Atty. Gen., John Powers, III, Atty., Dept. of Justice, Washington, D. C., Mark L. Evans, Gen. Counsel, Charles H. White, Jr., Assoc. Gen. Counsel, Washington, D. C., on brief.

Daniel J. Sweeney, Washington, D. C., for intervenor-respondent; D. J. Sullivan, St. Louis, Mo., on brief.

Before GIBSON, Chief Judge, and LAY and ROSS, Circuit Judges.

PER CURIAM.

Burlington Northern brings this petition for review of a final Interstate Commerce Commission order requiring Burlington Northern to cancel proposed tariff schedules which would have withdrawn a rail transit privilege at Quincy, Illinois. A transit privilege is a rate accommodation designed to permit a shipper of raw materials or agricultural products to unload and process commodities at a point en route without being required to pay local rates for each segment of the entire route. Burlington Northern sought to cancel a long-standing transit privilege at Quincy, Illinois, on grain and grain products moving from specified origins in the northern Missouri area to destinations on connecting rail lines in central Missouri. Quincy Soybean Company, which ships soybeans on Burlington Northern lines and owns a mill at Quincy, objected to the proposed cancellation of the Quincy transit privilege.

The Interstate Commerce Commission found that cancellation of the Quincy transit privilege would result in the commercial closing of the routes involved. A commercial closing occurs where rates are so high that no shipper will ship his product on the routes where they apply. The Commission held that the commercial closing of the routes affected by the Quincy transit privilege was unlawful, because it violated Condition 5 of the decision approving the merger which formed Burlington Northern, *Great Northern Pac.—Merger—Great Northern,* 331 I.C.C. 228 (1967). Condition 5 provides that Burlington Northern "shall do nothing to restrain or curtail the right of industries served by it * * * to route traffic over any or all available routes * * * ."

 "In this circuit a petition for review of a Commission's order will be denied on a summary basis when the order is based on the evidence and supported by a rational judgment of the Commission." *Warren Transport, Inc. v. United States,* 525 F.2d 148, 151 (8th Cir. 1975). We have conducted a thorough review of the record and conclude that the Commission's findings are

supported by the evidence as a whole, that the proper legal standards have been applied and that there is a rational basis for the order at issue.

The petition for review is denied.